**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| _____ ) | |
| **Kristie Buckley, f/k/a Kristie Smock,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **COMPLAINT** |
| **v.** ) | **CIVIL ACTION NO.:1:14-cv-1275** |
| ) | |
| **AFNI, Inc.,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

## COMPLAINT SEEKING DAMAGES FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT AND THE FAIR DEBT COLLECTION PRACTICES ACT

The Plaintiff, Kristie Buckley, by counsel, files this Complaint Seeking Damages for Violations of the Fair Credit Reporting Act and the Fair Debt Collection Practices Act in the above-captioned action, and hereby states as follows:

### Introduction

1. This is an action for actual, statutory, and punitive damages, legal fees and costs pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681a *et seq*. (hereinafter referred to as the "FCRA"). In this action, the Plaintiff seeks money damages as provided under the Act as a result of AFNI's conduct.

2. The purpose of the FCRA is to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit in a manner which is fair and equitable, and with regard to the confidentiality, accuracy, and proper utilization of such information. Id.

3. This is an action for actual and statutory damages, legal fees, and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. sec. 1692 *et seq*. (hereinafter referred to as the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Id.

4. The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses. Id.

5. If a violation occurs, "the FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional." <u>Donohue vs. Quick Collect, Inc.</u>, 592 F.3d 1027, 1030 (9th Cir. 2010).

6. Even a single violation of the FDCPA is sufficient to support liability. <u>Taylor vs. Perrin Landry, deLaunday & Durand</u>, 103 F.3d 1232, 1238 (5th Cir. 1997).

### Parties, Jurisdiction and Venue

7. The Plaintiff, Kristie Buckley, f/k/a Kristie Smock, is a citizen of the State of Indiana and a resident of Indianapolis. At all relevant times, she is over the age of 21 years.

8. The Defendant, AFNI, Inc., (hereinafter referred to as "Defendant"), is a "consumer reporting agency" as that term is defined in 15 U.S.C. § 1681a(f).

9. The Defendant is a debt collection agency and the Defendant is licensed by the State of Indiana. *See Exhibit "1" attached hereto*.

10. The Defendant regularly attempts to collect via credit reporting, directly or indirectly, debts owed or due or asserted to be owed or due another.

11. The Defendant regularly, for monetary fees or dues, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties.

12. This Court has jurisdiction over the subject matter of this lawsuit pursuant to 15 U.S.C. §§ 1681p, Venue is proper in this Court pursuant to 15 U.S.C. §§ 1391(b). Additionally, this Court has jurisdiction under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

13. The Defendant conducts business in this judicial district.

14. The Plaintiff resides in this judicial district.

15. The acts and transactions alleged herein occurred in this judicial district.

### Factual Allegations

16. The Plaintiff incurred a debt that was primarily for personal, family or household purposes.

17. The Debt owed by the Plaintiff went into default.

18. After the debt went into default the debt was placed or otherwise transferred to the Defendant for collection.

19. On May 2, 2013, the Plaintiff filed for bankruptcy protection under Title 11, Chapter 7, of the United States Code, bankruptcy case number 13-4713-JMC-7. *See Exhibit "2" attached hereto*.

20. The Plaintiff's bankruptcy petition contains a list of schedules of debts.

21. The Defendant is listed on the Plaintiff's Schedule F of the Plaintiff's bankruptcy petition as one of the Plaintiff's alleged creditors.

22. The Bankruptcy Noticing Center sends electronic notice of the bankruptcy and automatic stay to those entities listed on the Plaintiff's bankruptcy petition who have signed up for that service. The Defendant is one such entity.

23. On May 6, 2013, the Bankruptcy Noticing Center sent Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors and Deadlines, electronically to the Defendant. *See Notice attached hereto as Exhibit "2".*

24. In fact, the Defendant received two (2) separate notifications from the Bankruptcy Noticing Center that the Plaintiff had filed a bankruptcy action and that all collection activities were to be stayed. *See Notice attached hereto as Exhibit "2".*

25. The Plaintiff received an order granting her discharge of her debts on August 19, 2013. *See Order of Discharge attached hereto as Exhibit "3".*

26. The Bankruptcy Noticing Center sent the Discharge of Debtor electronically to the Defendant on August 19, 2013. *See Exhibit "3".*

27. In fact, the Defendant received two (2) separate notifications from the Bankruptcy Noticing Center that the Plaintiff had received a discharge of her debts from the U.S. Bankruptcy Court. *See Notice attached hereto as Exhibit "3".*

28. The Defendant received multiple notifications from the U.S. Bankruptcy Court that this debt was subject to a bankruptcy case, but the Defendant continued to take actions to attempt to collect the alleged debt at issue in this matter. Thus, the Defendant knew that the Plaintiff had completed a chapter 7 bankruptcy case and had received a discharge of her debts, including the debt(s) that the Defendant was attempting to collect.

29. Despite this knowledge, the Defendant procured the Plaintiff's TransUnion credit report on January 22, 2014. *See Exhibit "4" attached hereto.*

30. The Defendant had no permissible purpose for procuring the Plaintiff's credit report.

31. The procuring of the Plaintiff's credit report is an action which constitutes an attempt to collect the alleged debt at issue in this case.

32. Furthermore, on July 26, 2012, the Plaintiff's legal counsel sent a letter to the Defendant via facsimile informing the Defendant that the Plaintiff has legal counsel for the debt at issue in this matter. This letter was successfully received by the Defendant. *See letter and confirmation sheet attached hereto as Exhibit "5".*

33. Communications sent via facsimile are assumed to have been received by the intended recipient if the facsimile confirmation indicates a successful transmission. *See* Laouini v. CLM Freight Lines, Inc., 586 F.3d 473 (7th Cir. 2009)(holding that facsimile confirmation generated by the . . . fax machine was sufficient to create a factual dispute . . . was received. . . ); Bridgeview Health Care Center Ltd. v. Clark, 2011 WL 4585028, 3 (N.D.Ill. 2011)("Indeed, in the facsimile transmission context, it is commonly understood that "success" means that "the two fax machines have performed an electronic "hand shake" and that the data has been transmitted from one machine to the other").

34. However, despite the letter from the Plaintiff's attorney and four (4) notifications from the U.S. Bankruptcy Court, on July 15, 2014, the Defendant sent a dunning letter directly to the Plaintiff in an attempt to collect the alleged debt at issue in this matter. *See dunning letter attached hereto as Exhibit "6".*

35. The Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See* Gammon vs. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**Count I:**
**Violation of the FCRA due to Willful Wrongful Procurement**
**of Credit Report**

1. The allegations of Paragraphs 1 through 35 of the complaint are realleged and incorporated herewith by references.

2. Under the FCRA, 15 U.S.C. § 1681a *et seq*., a consumer reporting agency is prohibited from furnishing a consumer report to a person who lacks a permissible purpose. The permissible purposes allowed by the Act are set forth in 15 U.S.C. § 1681b.

3 Under 15 U.S.C. § 1681b(f), a person is prohibited from obtaining a credit report on a consumer unless the person has a permissible purpose for procuring the report and certifies that purpose to the consumer reporting agency.

4 The Defendant's use of the Plaintiff's credit report relating to the attempt to collect a debt violates 15 U.S.C. § 1681b(f). The Defendant has no permissible purpose in obtaining the credit reports of the Plaintiff as she had recently completed a chapter 7 bankruptcy case that discharged the debt that the Defendant was attempting to collect.

5 Consistent with its pattern and practice, the Defendant wrongfully obtained the credit report of the Plaintiff after the Plaintiff's bankruptcy was discharged in its attempt to collect a debt. The Defendant had no permissible purpose under 15 U.S.C. § 1681b for obtaining the credit report of the Plaintiff.

6   The entities from which the Defendant obtains credit reports of non-applicants in connection with its attempts to collect debts, are "consumer reporting agencies" within the meaning of the FCRA.

7   In connection with its practice of obtaining credit reports of consumers in its attempts to collect debts, the Defendant acts willfully, knowingly, and in conscious disregard for the rights of the Plaintiff under the FCRA.  Consistent with its practice, the Defendant acted willfully, knowingly, and in conscious disregard for the rights of the Plaintiff in obtaining her credit report.

8   As a result of the Defendant's willful practice of violating the FCRA, the Defendant is liable under 15 U.S.C. § 1681n for punitive damages in an amount sufficient to deter the Defendant from engaging in this kind of illegal practice in the future.

9   As a result of the Defendant's willful practice of violating the FCRA, the Defendant shall pay actual damages and statutory damages to the Plaintiff.

10  As a result of the Defendant's willful practice of violating the FCRA, the Defendant is liable under 15 U.S.C. § 1681n for the costs of bringing this action as well as reasonable attorney's fees.

## COUNT II:

**Violation of the FDCPA due to Defendant's Attempt to Collect a Discharged Debt**

1.  The allegations of paragraphs 1 through 35 of the Complaint are realleged and are incorporated herewith by reference.

2.  The Defendant's impermissible review of the Plaintiff's credit report constitutes a violation of the FDCPA.

3.  The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692c.

4.  The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692d.

5.  The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692e.

6.  The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692f.

7.  As a result of the Defendant's acts and omissions, the Defendant is liable to the Plaintiff for actual damages, statutory damages, attorneys' fees, and costs.

WHEREFORE, the Plaintiff prays that the Court grant the following:

1. A judicial declaration that the Defendant's practice of obtaining the Plaintiff's credit report violates the FCRA and FDCPA;

2. An award of actual and statutory damages under the FCRA to Plaintiff in an amount to be determined at trial;

3. An award of punitive damages as provided by the FCRA;

4. An award of actual and statutory damages under the FDCPA to the Plaintiff in an amount to be determined at trial;

5. An award of actual and statutory damages under the FCRA to the Plaintiff in an amount to be determined at trial;

6. An award of the costs of brining this action and reasonable attorney's fees;

7. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ John T. Steinkamp
John T. Steinkamp
John Steinkamp and Associates
Attorney for Plaintiff
5218 S. East Street, Suite E1
Indianapolis, IN 46227
Office: (317) 780-8300
Fax: (317) 217-1320
Email: steinkamplaw@yahoo.com